UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEVIN DAVIS,<br><br>               Plaintiff,<br><br>     v.<br><br>JAY COWAN, et al.,<br><br>              Defendants. | CIVIL ACTION NO. 3:20-CV-01106<br><br>(BRANN, J.)<br>(MEHALCHICK, M.J.) |

**MEMORANDUM**

Before the Court is a motion to compel discovery filed by *pro se* prisoner-Plaintiff Kevin Davis ("Davis"), who brings the above-captioned civil rights action pursuant to 42 U.S.C. § 1983.[1] (Doc. 76). Davis initiated the above-captioned civil rights action by filing a complaint on July 2, 2020. (Doc. 1). In his third amended complaint, filed on March 7, 2023, Davis realleges that Defendants Darla Cowden ("PA Cowden") and Correct Care Solutions ("CCS") and Jay Cowan ("Dr. Cowan") (collectively, "Defendants") retaliated against Davis while at SCI-Fayette based upon a previous civil action that he filed regarding his Hepatitis-C treatment, as well as grievances he submitted.[2] (Doc. 67).

Davis filed a motion to compel discovery on October 23, 2023, and a brief in support on that same day with corresponding exhibits. (Doc. 76; Doc. 77; Doc. 77-1; Doc. 77-2; Doc. 77-3). On November 7, 2023, PA Cowden filed a brief in opposition to Davis's motion to compel. (Doc. 78). The motion is ripe and ready for disposition. (Doc. 76; Doc. 77; Doc. 78).

---

[1] Davis is a Hepatitis-C positive prisoner currently incarcerated at the State Correction Institution in Fayette, Pennsylvania ("SCI-Fayette"). (Doc. 1, at 1, 6).

[2] Davis's previously filed lawsuit was filed on October 30, 2017. *Davis v. Wetzel*, No. 1:18-CV-00804 (M.D. Pa. Oct. 30, 2017), ECF No. 5.

For the reasons stated herein, Davis's motion to compel will be **DENIED**.

I. **DISCUSSION**

   A. MOTION TO COMPEL DISCOVERY

Davis seeks the production of requested discovery documents, asserting that PA Cowden has failed to properly respond to his Request for Production of Documents submitted on August 20, 2023. (Doc. 77, at 3; Doc. 77-3, at 1-2). Davis avers "the material sought is relevant and should be produced." (Doc. 77, at 5). In opposition, PA Cowden maintains that her responses and objections to Davis's discovery requests were proper. (Doc. 78, at 1).

Rulings regarding the proper scope of discovery are matters consigned to the Court's discretion and judgment. A court's decisions regarding the conduct of discovery will be disturbed only upon a showing of abuse of that discretion. *Marroquin-Manriquez v. I.N.S.*, 699 F.2d 129, 134 (3d Cir. 1983). This far-reaching discretion also extends to rulings by United States Magistrate Judges on discovery matters. In this regard:

> District courts provide magistrate judges with particularly broad discretion in resolving discovery disputes. See *Farmers & Merchs. Nat'l Bank v. San Clemente Fin. Group Sec., Inc.*, 174 F.R.D. 572, 585 (D.N.J. 1997). When a magistrate judge's decision involves a discretionary [discovery] matter . . . , "courts in this district have determined that the clearly erroneous standard implicitly becomes an abuse of discretion standard." *Saldi v. Paul Revere Life Ins. Co.*, 224 F.R.D. 169, 174 (E.D. Pa. 2004) (citing *Scott Paper Co. v. United States*, 943 F. Supp. 501, 502 (E.D. Pa. 1996)). Under the standard, a magistrate judge's discovery ruling "is entitled to great deference and is reversible only for abuse of discretion." *Kresefky v. Panasonic Commc'ns and Sys. Co.*, 169 F.R.D. 54, 64 (D.N.J. 1996); see also *Hasbrouck v. BankAmerica Hous. Servs.*, 190 F.R.D. 42, 44- 45 (N.D.N.Y. 1999) (holding that discovery rulings are reviewed under abuse of discretion standard rather than de novo standard); *EEOC v. Mr. Gold, Inc.*, 223 F.R.D. 100, 102 (E.D.N.Y. 2004) (holding that a magistrate judge's resolution of discovery disputes deserves substantial deference and should be reversed only if there is an abuse of discretion).

*Halsey v. Pfeiffer*, No. 09-1138, 2010 WL 3735702, at *1 (D.N.J. Sept. 17, 2010).

The exercise of this discretion is guided, however, by certain basic principles. At the

outset, Rule 26(b) of the Federal Rules of Civil Procedure generally defines the scope of discovery permitted in a civil action, prescribes certain limits to that discovery, and provides as follows:

> Scope in General. Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1)

Rule 37 of the Federal Rules of Civil Procedure authorizes a party to move to compel a party to comply with discovery obligations and specifically provides that:

> On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

Fed. R. Civ. P. 37(a)(1).

Under Rule 37, a court may issue an order compelling discovery where "a deponent fails to answer a question asked under Rule 30 or 31 [governing depositions on oral examination or written questions]." Fed. R. Civ. P. 37(a)(3)(B)(i). A party moving to compel discovery bears the initial burden of proving the relevance of the requested information. *Morrison v. Phila. Housing Auth*., 203 F.R.D. 195, 196 (E.D. Pa. 2001). "Once that initial burden is met, 'the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the broad scope of relevance as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal

relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure.'" *Prime Energy & Chem., LLC v. Tucker Arensber P.C.,* No. 2:18-CV-0345, 2022 WL 1642394, at *4 (W.D. Pa. May 24, 2022) (quoting *In re Urethane Antitrust Litig.,* 261 F.R.D. 570, 573 (D. Kan. 2009)). The Court will address each of Davis's Requests for Production of Documents in turn.

  1. **Number 1**

Discovery request number 1 requests PA Cowden's complete work history in the medical professional field. (Doc. 77-3, at 1). PA Cowden objects to request number 1 "on the basis that it is neither relevant under Rules 401 or 403 nor reasonably calculated to lead to the discovery of admissible evidence. Further, Responding Defendant has already admitted in her Answer to Plaintiff's Third Amended Complaint that she worked at SCI-Fayette as alleged. *See*, Answer to the Third Amended Complaint at paragraph 7." (Doc. 77-2, at 4). Davis argues the requested information "is relevant and will lead to the discovery of admissible evidence that will show a pervasive pattern of indifference /treatment, i.e., acts of retaliation, discontinuing prescribed treatment, and the denial of treatment to sick, suffering inmates/patients by Ms. Cowden." (Doc. 77, at 3). In response, PA Cowden maintains her objection was proper and emphasizes that "[o]nly the medical care PA Cowden provided to Mr. Davis—and her actions towards him—are relevant for the claims against her." (Doc. 78, at 3). Cowden further argues that "[b]ecause PA Cowden has admitted that she was working at SCI-Fayette during the allegations at issue, any additional information about PA Cowden's work history is irrelevant." (Doc. 78, at 3).

The Court agrees with PA Cowden that requests relating to her complete work history in the medical professional field appear to be overly broad and unrelated to the claims set

forth in the third amended complaint. (Doc. 67). Second, the Court finds that PA Cowden appears to have satisfied her burden by admitting that she worked at SCI-Fayette as alleged during the relevant timespan. (Doc. 70, at 2). Because the Court has doubt as to the relevance of the discovery of Cowden's complete work history in the medical professional field and the likelihood this will lead to admissible evidence, the Court will deny Davis's request to the extent that he seeks information and records beyond those relating to his care and treatment provided by PA Cowden during the timeframe specified in the third amended complaint. Accordingly, at this time, PA Cowden's objections are sustained and Davis's motion to compel discovery is denied.

    **2. Numbers 2, 3**

In discovery request numbers 2 and 3, Davis seeks every complaint ever filed against PA Cowden and the corresponding response to every complaint including, but not limited to, complaints filed by co-workers, patients, and employers; complaints lodged in federal court; complaints lodged in state court; and administrative complaints and responses. (Doc. 77-3, at 1). PA Cowden objects to request numbers 2 and 3 on the basis that they are overly broad, unduly burdensome, irrelevant, and not likely to lead to the discovery of admissible evidence. (Doc. 77-2, at 5). Notably, PA Cowden emphasizes that to the extent Davis seeks complaints filed in civil actions in either state or federal court, these complaints are matters of public record. (Doc. 77-2, at 5). Davis argues this information is relevant, will lead to admissible evidence, and is necessary because "it will establish that the medical staff at the SCI-Fayette, who was aware of the danger/harm that Defendant Cowden posed to Plaintiff and other patients, reported what they observed to protect themselves, other staff and other inmates." (Doc. 77, at 3). Regarding number 3, Davis argues this information "will establish whether

or not medical personnel at the SCI-Fayette was of the belief that Ms. Cowden was a danger to Plaintiff/other patients [that] she treated." (Doc. 77, at 4). PA Cowden maintains her objections to request numbers 2 and 3 are proper as the requested information is irrelevant to the claims in this action. (Doc. 78, at 5-6). PA Cowden further avers that she does not have any such responses in her possession to produce, and any civil complaints and/or responses are matters of public record. (Doc. 78, at 5-6).

      PA Cowden's objections are properly raised and shall be sustained. First, Federal Rule of Civil Procedure 34 instructs that parties are only bound to produce documents already in existence or in their "possession, custody, or control." *See generally Harris v. Koenig*, 271 F.R.D. 356, 371 (D.D.C. 2010) ("Lack of evidence showing that producing party is in fact in possession of a document is grounds to deny a motion to compel.") (citations omitted). Second, the Court agrees with PA Cowden that any civil actions in either state or federal court in which PA Cowden was a party is publicly available information that Davis may obtain through docket searches. In addition, the Court notes that Davis's discovery request appears to be overly broad without any narrowing to a subject matter or timeframe. "Even if discovery is proportional to the needs of the case, courts have the discretion to impose limits where the discovery sought is unreasonably cumulative or duplicative, or where the burden or expense of the proposed discovery outweighs its likely benefit." *Occidental Chem. Corp. v. 21st Century Fox Am., Inc.*, No. 18-11273, 2020 WL 1969898, at *6 (D.N.J. Apr. 24, 2020). Davis's third amended complaint describes acts of alleged retaliation including the denial of Davis's insulin treatment in February, April, and October 2020. (Doc. 67, ¶¶ 18-59). As such, Davis's allegations are unique to the medical care PA Cowden provided to him during the relevant time period, from February to October 2020. (Doc. 67, ¶¶ 34-59). Accordingly, because the

Court has substantial doubt as to the relevance of the discovery of any complaint and corresponding response that may have been filed against PA Cowden regardless of whether such claims were ultimately meritorious or not, the Court will sustain PA Cowden's objections at this time, without prejudice to Davis seeking a narrower discovery response that more precisely explains the relevance of this information in his claims, and which narrows the scope of the discovery sought to specific case names and a reduced timeframe. *Schiavone v. Luzerne Cnty.*, 343 F.R.D. 34, 41 (M.D. Pa. 2023) (sustaining medical defendant's objections to discovery request where Court has substantial doubt as to the relevance of the discovery of any civil actions that may have been filed against any of the named defendants regardless of whether such claims were ultimately meritorious). Davis's motion to compel discovery is denied.

### 3. Number 4

In discovery request number 4, Davis seeks "[t]he action taken in response to each complaint filed against Defendant Cowden including, but not limited to, suspension from her job, reprimands, job demotions, counseling[], mental health evaluations, treatment of any kind." (Doc. 77-3, at 1). PA Cowden objects to this request as overly broad, unduly burdensome, irrelevant, and not likely to lead to the discovery of admissible evidence. (Doc. 77-2, at 5). Davis argues "this information is relevant and will lead to admissible evidence and is necessary because it will establish whether or not Ms. Cowden's treatment of Plaintiff is the reason why she left her job at SCI-Fayette immediately thereafter." (Doc. 77, at 4). PA Cowden maintains her objection to request number 4 is appropriate and argues Davis's request "is overly broad when (1) it fails to define what complaints are being referenced and (2) it fails to define what period is being referenced." (Doc. 78, at 7).

- 7 -

That the request for every action taken in response to each complaint filed against PA Cowden appears to be overly broad without any narrowing to subject matter or timeframe. Because the Court has substantial doubt as to the relevance of the discovery of all actions taken against PA Cowden in response to complaints filed against her, the Court will sustain PA Cowden's objection, without prejudice to Davis seeking a narrower discovery response that more precisely explains the relevance of this information in his claims, and which narrows the scope of discovery sought to information about the claims outlined in his third amended complaint. Accordingly, Davis's motion to compel discovery is denied.

4. **Number 5**

In discovery request number 5, Davis seeks "the names and status of every[]one who was provided a copy of each complaint that was filed against Defendant Cowden and their response/report filed." (Doc. 77-3, at 2). PA Cowden objects to discovery request number 5 because it is overly broad, unduly burdensome, irrelevant, and not likely to lead to the discovery of admissible evidence and poses a significant security risk that is not outweighed by any probative value of the information in this litigation. (Doc. 77-2, at 5). Davis argues this information is "highly relevant" as repeated complaints about PA Cowden's mistreatment of inmates have been made and nothing has been done to address them. (Doc. 77, at 4). PA Cowden maintains her objections to request number 5 are appropriate, and Davis's request is "totally irrelevant to the allegations against the Third Amended Complaint—notwithstanding Request No. 5 not defining what complaints are being referenced in the first instance." (Doc. 78, at 8).

Disclosure of this kind of document creates a security risk, particularly to prison personnel, that outweighs any potential relevance to the Davis's case. Davis's request for the

names and status of every individual who was provided a copy of every complaint filed against PA Cowden and their corresponding response is overly broad since it seeks discovery of complaints of any nature and involving any subject matter. As this discovery request is beyond the scope of litigation and implicates important privacy interests, the Court will sustain PA Cowden's objections at this time, without prejudice to Davis seeking a discovery response that more precisely explains the relevance of this information in his claims, and which narrows the scope of the discovery sought to only those documents which are discoverable under Rule 26. Accordingly, the motion to compel production of these documents is denied.

II. **CONCLUSION**

Based on the foregoing, Davis's motion to compel discovery is **DENIED**.

An appropriate Order follows.

                                       **BY THE COURT:**

**Dated: February 2, 2024**                s/ Karoline Mehalchick
                                       **KAROLINE MEHALCHICK**
                                       **Chief United States Magistrate Judge**