**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| KEVIN DAVIS,<br><br>Plaintiff,<br><br>v.<br><br>DARLA COWDEN,<br><br>Defendant. | No. 3:20-CV-01106<br><br>(Chief Judge Brann)<br><br>(Caraballo, M.J.) |

**ORDER**

**SEPTEMBER 24, 2026**

On March 7, 2023, Kevin Davis filed this third amended 42 U.S.C. § 1983 civil rights complaint alleging that numerous individuals violated his civil rights by retaliating against him for filing a complaint against prison officials, and by withholding necessary medical treatment.[1] Extensive pretrial litigation left Darla Cowden as the sole remaining defendant in the action.[2] Cowden moved for summary judgment on March 6, 2024.[3] On July 31, 2026, Magistrate Judge Phillip J. Caraballo issued a Report and Recommendation ("R&R") recommending that this Court grant in part and deny in part the pending motion for summary judgment filed by Cowden.[4] Plaintiff filed objections to the R&R on August 17, 2026.[5]

---

1 Doc. 67.
2 Doc. 123 (R&R), at 1.
3 Doc. 84.
4 Doc. 123.
5 Doc. 124.

When objections are timely filed, a District Court must conduct a de novo review of those portions of the report to which objections are made.[6] Although the standard of review for objections is de novo, the extent of review lies within the discretion of the District Court, and the Court may otherwise rely on the recommendations of the magistrate judge to the extent that it deems proper.[7] For portions of the report and recommendation to which no objection is made, the Court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."[8] Regardless of whether timely objections are made by a party, the District Court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.[9]

Because I write solely for the parties, I will not restate the facts, but will instead adopt their recitation as set forth by the magistrate judge. I have conducted a de novo review of Judge Caraballo's R&R and find no error.

Plaintiff objects on the basis that Judge Caraballo's R&R turns on a "misapprehension of the facts."[10] Namely, Judge Caraballo found that Plaintiff failed

---

6 28 U.S.C. § 636(b)(1); *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir.2011).

7 *Rieder v. Apfel*, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (*citing United States v. Raddatz*, 447 U.S. 667, 676 (1980)).

8 Fed.R.Civ.P. 72(b), advisory committee notes; *see also Univac Dental Co. v. Dentsply Intern., Inc.*, 702 F.Supp.2d 465, 469 (M.D.Pa.2010) (*citing Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir.1987) (explaining that judges should give some review to every report and recommendation)).

9 28 U.S.C. § 636(b)(1); Local Rule 72.31.

10 Doc. 124 at 2.

to adhere to Local Rule 56.1 by failing to submit a standalone statement of facts.[11] Plaintiff, however, disagrees and alleges that the R&R must be rejected because *Defendant* violated Local Rule 56.1 by failing to properly submit a statement of facts pertaining to Plaintiff's retaliation claim.[12] I find this objection without basis given that Defendant's comprehensive statement of facts adequately supplies facts related to Plaintiff's retaliation claim.[13] The R&R therefore is not deficient on the grounds stated in Plaintiff's objections. As to the remaining portions of the R&R without objections, I am satisfied "that there is no clear error on the face of the record" and therefore "accept the recommendation."[14]

Consequently, **IT IS HEREBY ORDERED** that:

1. Magistrate Judge Phillip J. Caraballo's Report and Recommendation (Doc. 123) is **ADOPTED** in full;

2. Defendant's Motion for Summary judgment (Doc. 84) is **GRANTED IN PART AND DENIED IN PART** as follows, and all remaining claims are **DISMISSED WITH PREJUDICE**:

---

11 R&R at 7-8.

12 Doc. 124 at 2-3.

13 *See* Doc. 85 (Def's Concise Statement of Facts) at 29-32 (relating facts pertaining to Plaintiff's retaliation claim).

14 Fed.R.Civ.P. 72(b), advisory committee notes; *see also Univac Dental Co.*, 702 F.Supp.2d at 469 (*citing Henderson*, 812 F.2d at 878 (explaining that judges should give some review to every report and recommendation)).

a. The motion for summary judgment is **DENIED** on administrative exhaustion grounds; and

b. The motion for summary judgement is **GRANTED WITH PREJUDICE** on the merits on all remaining counts; and

3. The Clerk of Court is directed to enter judgment in favor of Defendant and against Plaintiff; and

4. The Clerk of Court is directed to **CLOSE** this case.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge